IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                      No. 3:14-cr-00238-HZ
                                               (3:16-cv-00964-HZ)

        Plaintiff,

  v.

ALBERTO CONTRERAS,                             OPINION & ORDER

        Defendant.

Billy J. Williams
United States Attorney
Paul T. Maloney
Assistant United States Attorney
U.S. Attorney's Office, District of Oregon
1000 SW Third. Ave., Suite 600
Portland, OR 97204

     Attorneys for Plaintiff

///

///

///

1 – OPINION & ORDER

Alberto Contreras
Atwater
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 019001
Atwater, CA 95301

      Pro Se Defendant


HERNÁNDEZ, District Judge:

      Defendant Alberto Contreras ("Defendant") brings a claim under 28 U.S.C. § 2255 alleging that his 180-month sentence for violation of the Armed Career Criminal Act (ACCA), 18 U.S.C. §§ 922(g)(1), 924(e)(1), which prohibits a felon from possessing a firearm, was imposed in violation of the U.S. Constitution and must be vacated or set aside. Specifically, Defendant contends that he was not convicted of the requisite number of "predicate convictions" to qualify him for ACCA's fifteen-year mandatory minimum sentence because his conviction for Assault in the Second Degree ("Assault II") under Oregon law was not a "violent felony" as defined by ACCA's "force clause," 18 U.S.C. § 924(e)(2)(B)(i). Defendant argues that Assault II in Oregon is only a violent felony under ACCA's "residual clause," 18 U.S.C. § 924(e)(2)(B)(ii), which the U.S. Supreme Court recently declared unconstitutionally vague. See Johnson v. United States, 135 S. Ct. 2551 (2015).

      For reasons explained below, the Court finds that Assault II as defined by Or. Rev. Stat. § (O.R.S.) 163.175(1)(b), under which Defendant was convicted, is a violent felony as defined by ACCA's force clause. The Court therefore denies Defendant's motion to vacate or correct his sentence.

## BACKGROUND

      The indictment in this case alleged that Defendant knowingly and unlawfully possessed a firearm and that Defendant had previously been convicted of three felonies in Oregon state court:

2 – OPINION & ORDER

delivery of a controlled substance – substantial quantity; delivery of methamphetamine; and

Assault II, arising from an incident in which Defendant "knowingly cause[d] physical injury" to

two victims with a bottle, which was deemed a "dangerous weapon" for charging purposes.

Gov.'s Resp. to D.'s Mot. Ex. 1, ECF 38. The former two convictions constitute "serious drug

offenses" under ACCA. The Government contends that the Assault II conviction constitutes a

violent felony under the same.  Defendant pled guilty in federal court to the firearm charge on

March 22, 2015. Plea Agreement, ECF 24. With ACCA's fifteen-year mandatory minimum in

mind, Defendant was sentenced to 180 months in prison, to run concurrent with a 65-month

sentence imposed for related charges by the Marion County Circuit Court. J. at 2, ECF 31.

## LEGAL STANDARD

ACCA states that any person who has been convicted of a crime punishable by

imprisonment for a term exceeding one year may not possess a firearm that has been shipped or

transported in interstate commerce. 18 U.S.C. § 922(g). A person who violates 18 U.S.C. §

922(g) and has three or more predicate convictions, either for a violent felony or for a serious

drug offense,  must be imprisoned for a term of no less than fifteen years. 18 U.S.C. § 924(e)(1).

A violent felony is defined under ACCA as:

> [A]ny crime punishable by imprisonment for a term exceeding one
> year . . . that (i) has as an element the use, attempted use, or
> threatened use of physical force against another; or (ii) is burglary,
> arson, or extortion, involves use of explosives, or otherwise
> involves conduct that presents a serious risk of physical injury to
> another.

18 U.S.C. § 924(e)(2)(B).

The language in subsection (ii) following the enumerated list of crimes and beginning

with "or otherwise," is known as the "residual clause." Johnson, 135 S. Ct. at 2556. In Johnson,

the Supreme Court held that the residual clause is unconstitutionally vague, in part because the

3 – OPINION & ORDER

clause provides no guidance on how courts should determine whether a given offense "presents a serious risk of physical injury," a fact which, in turn, caused "pervasive disagreement" in the lower courts over how to interpret the clause. 135 S. Ct. at 2560. Therefore, the residual clause is no longer considered part of ACCA's definition of violent felony. United States v. Dixon, 805 F.3d 1193, 1195 n. 2 (9th Cir. 2015). The Supreme Court then held, in United States v. Welch, that Johnson applied retroactively, effectively invalidating all past sentencing decisions that applied the ACCA mandatory minimum sentence based on convictions for violent felonies that could only be defined as such under the residual clause. 578 U. S. ____, 1 (2016).

## DISCUSSION

The Government asserts that Defendant's prior conviction for Assault II under O.R.S. 163.175(1)(b) "[has] as an element the use, attempted use, or threatened use of physical force against the person of another," and therefore qualifies as an ACCA predicate conviction. Defendant contends that that the conviction is only cognizable as a violent felony under ACCA's residual clause. As a result, Defendant argues that, following Johnson and Welch, that conviction is not an ACCA predicate conviction.  If correct, Defendant does not have three prior predicate convictions on his record, rendering him ineligible for ACCA's fifteen-year mandatory minimum sentence.

The Court must engage in a multi-step process to determine whether a given state conviction constitutes a violent felony under ACCA. The Court usually begins with a formal categorical analysis, which involves evaluating whether a defendant's prior conviction corresponds to the generic definition of violent felony provided by ACCA, 18 U.S.C. § 924(e)(2). United States v. Parnell, 818 F.3d 974, 978 (9th Cir. 2016). The Government in this case does not contend that Assault II in Oregon is categorically a violent felony, and so the Court

need not engage in the formal categorical analysis and will proceed directly to the modified categorical approach.

The modified categorical approach is a tool to identify, among various alternatives, the specific crime of conviction so that the Court can compare it to the generic definition of violent felony under ACCA. Descamps v. United States, 133 S. Ct. 2276, 2285 (2013). The Court first asks if the statute is divisible, meaning the statute sets out one or more alternative formulations of the elements that constitute a violation of the statute. Rendon v. Holder, 764 F.3d 1077, 1085 (9th Cir. 2014). If the statute is divisible, the Court may use a limited number of resources, including the charging documents, jury instructions, plea agreement, and plea colloquy, to determine, if possible, under which formulation of the elements the defendant was convicted. Descamps, 133 S. Ct. at 2281, 2284. Finally, the Court determines whether that particular formulation corresponds to the generic definition of violent felony under ACCA.

Applying the above approach to the case at hand, the Court finds first that O.R.S. 163.175(1) is divisible.[1] The statute provides three discrete sets of elements of the offense, such that it effectively delineates three distinct crimes. See Descamps, 133 S.Ct. at 2285; Rendon, 764 F.3d at 1085 (explaining that "divisible statutes contain multiple, alternative *elements* of functionally separate crimes.").

Second, it is undisputed that Defendant was convicted under subsection (1)(b) of the Assault II statute. Subsection (1)(b) is one of that statute's divisible sets of elements, and requires, as elements of the offense that must be proved to secure a conviction, that a defendant

---

[1] O.R.S. 163.175(1) states:

A person commits the crime of assault in the second degree if the person:
    (a) Intentionally or knowingly causes serious physical injury to another;
    (b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; or
    (c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life.

"intentionally or knowingly cause[d] physical injury to another by means of a deadly or dangerous weapon." O.R.S. 163.175(1)(b).

     The only remaining question is whether subsection (1)(b) describes a violent felony under subsection (i) (the force clause) or subsection (ii) (the residual clause) of 18 U.S.C. § 924(e)(2)(B). Defendant relies on United States v. Crews, in which the Ninth Circuit concluded that subsection (1)(b) of Oregon's Assault II statute qualified as a violent felony under the residual clause. 621 F.3d 849, 855 (9th Cir. 2010). In that case, however, the Ninth Circuit did not address whether subsection (1)(b) also describes a violent felony under the force clause.  The invalidation of the residual clause in Johnson,  135 S. Ct. at 2557,  has required courts to reevaluate whether convictions which previously qualified as predicate convictions under the residual clause might otherwise qualify under the force clause. See, e.g., United States v. Dunlap, No. 1:14-cr-00406-AA, 2016 WL 591757 (D. Or. Feb. 12, 2016); United States v. Mayer, No. 6:05-cr-60072-AA, 2016 WL 520967 (D. Or. Feb. 5, 2016). This case presents the first opportunity for this Court to consider whether subsection (1)(b) qualifies as a violent felony under ACCA's force clause. The Court concludes, notwithstanding Crews, that it does.

     Defendant's contention that subsection (1)(b) only qualifies as a violent felony under the residual clause is unavailing. In Parnell, the Ninth Circuit explained that statutes requiring "the presence of a weapon, which produces [an] actual or threatened use of [violent] force" fall within ACCA's force clause, in contrast to statutes under which a mere "risk" of violent force is sufficient to convict. 818 F.3d at 980. And in United States v. Werle, the same court explained that, for a statute to fall within the force clause, the elements must include the use of force capable of causing physical pain or injury to another. 815 F.3d 614, 621–22 (9th Cir. 2016) (citing Johnson v. United States, 559 U.S. 133, 140 (2010)).

The elements of subsection (1)(b) precisely meet the description of a violent felony under the force clause as described by Parnell and Werle. First, subsection (1)(b) requires the actual use of a deadly or dangerous weapon. See Parnell, 818 F.3d at 980. Second, a conviction will result under subsection (1)(b) only if the defendant has purposefully caused another to suffer actual physical injury.[2] See Werle, 815 F.3d at 621–22. Physical injury is defined by Oregon law as "impairment of physical condition or substantial pain." O.R.S. 161.015(6). That degree of injury fits within the range of harms that result from "violent" or "physical force" under ACCA's force clause. See Parnell, 818 F.3d at 980; Johnson, 599 U.S. at 140 (holding that "the phrase 'physical force' in the ACCA-context means *violent* force-that is, force capable of causing physical pain or injury to another person.").

If that were not enough, the language of subsection (1)(b) echoes the generic definition of violent felony under ACCA's force clause. The former requires "causing physical injury to another by means of a deadly or dangerous weapon." The latter defines a violent felony as "the use . . . of physical force against the person of another." The Court cannot imagine a scenario in which an individual, through "purposeful, violent, and aggressive conduct," Crews, 621 F.3d at 855, inflicts "substantial pain" or physical impairment upon another, O.R.S. 161.015(6), by means of a dangerous or deadly weapon but does not, at the same time, use physical force against that person.[3]

---

[2] Petitioner argues that subsection (1)(b) is triggered by "knowing" conduct, which he contends is less than the "purposeful" conduct required for a conviction to constitute a violent felony under Begay v. United States, 553 U.S. 137, 144–45 (2008). This is incorrect. "Knowingly" violating subsection (1)(b) is sufficiently "purposeful" to satisfy Begay. Crews 621 F.3d at 855 (holding that, "[w]ith Begay's analysis in mind . . . subsection (1)(b) of Oregon's second-degree assault statute clearly involves 'purposeful, violent, and aggressive conduct.' The subsection applies when a defendant acts more than just negligently or recklessly, and punishes assaultive conduct when the 'defendant was aware of the assaultive nature of his conduct.'").

[3] Petitioner argues to the contrary and cites Crews, 621 F.3d at 856–57 in support. But Petitioner misstates the Ninth Circuit's conclusion in that case. The court did not find that subsection (1)(b) can be violated in a way that does not pose a serious risk of physical harm to another. Instead, the court explained that subsection (1)(b) would fall within the residual clause "*even if*, on *some* occasions, it can be committed in a way that poses no serious risk of physical

## CONCLUSION

Defendant has the required three predicate convictions for either violent felonies or serious drug crimes under ACCA and is subject to the fifteen-year mandatory minimum sentence provided by 18 U.S.C. § 924(e). Defendant's motion to vacate, set aside, or correct his sentence [35] is denied.

IT IS SO ORDERED.

Dated this _____ 16 _____ day of _____ August _____, 2016.

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

harm." Id. Subsection (1)(b), by its very terms, requires physical harm as an element, which goes beyond a "serious risk" of such harm.